

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

August 14, 2007

The Honorable R. Lowell Thompson
Navarro County Criminal District Attorney
Navarro County Courthouse
300 West Third Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. GA-0561

Re: Authority of the Texas Alcoholic Beverage Commission or the City of Corsicana to regulate a business establishment that permits the possession and consumption of alcoholic beverages on a "BYOB" basis (RQ-0568-GA)

Dear Mr. Thompson:

You inquire about the authority of the Texas Alcoholic Beverage Commission (the "TABC") or the City of Corsicana (the "City") to regulate a business establishment that permits the possession and consumption of alcoholic beverages on a "BYOB" ("bring your own bottle") basis.[1]

You indicate that prior to May 15, 2004, the City was a "dry area." *See* Thompson Brief, *supra* note 1, at 1. On that date, the electorate "voted to legalize the sale of beer and wine for off-premises consumption and to legalize the sale of mixed beverages in restaurants by food and beverage certificate holders only." Request Letter, *supra* note 1, at 1. You state that recently a business entity announced its intention to operate as a pool hall "in the downtown area of the City," and that, while the proprietors of the pool hall do not intend to sell alcoholic beverages to their customers, they do intend to operate on a BYOB basis, "whereby customers can bring onto the premises, and remove from the premises, alcoholic beverages for their own consumption, and for that of any members of their party, while they are on the premises." *Id.* You ask whether the above-referenced pool hall may operate on a BYOB basis without obtaining a license or permit from the TABC. *See id.* at 2. In the alternative, you ask whether the City itself may regulate such an establishment. *See id.*

The TABC is "an agency of the state." TEX. ALCO. BEV. CODE ANN. § 5.01(a) (Vernon 2007). It is authorized to "exercise all powers, duties, and functions conferred by [the Alcoholic Beverage Code], and all powers incidental, necessary, or convenient to the administration of [the] code." *Id.* § 5.31. The TABC is empowered to issue permits and licenses for various kinds of

---

[1]Letter from Honorable R. Lowell Thompson, Navarro County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Feb. 7, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter], and attached brief [hereinafter Thompson Brief].

activity relating to alcoholic beverages. *See id.* § 11.01.[2] *See, e.g., id.* chs. 12 (brewer's permit), 18 (wine bottler's permit), 19 (wholesaler's permit), 22 (package store permit), 28 (mixed beverage permit), 38 (industrial permit), 62 (manufacturer's license), 64 (general distributor's license), 67 (importer's license), 74 (brewpub license).

As we have indicated, the TABC, as a state agency, has only those powers that are specifically granted by the Legislature and those that may necessarily be implied therefrom. *See Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 652 (Tex. 2004). As you acknowledge, the Alcoholic Beverage Code (the "Code") does not refer to BYOB establishments. *See* Request Letter, *supra* note 1, at 2. Because the Code contains no reference to the TABC's regulation of BYOB establishments, we conclude that the referenced pool hall may operate on a BYOB basis without obtaining a license or permit from the TABC.[3]

Your brief and that of the City[4] suggest that the City's conversion in 2004 from a "dry" to a partially "wet" area has some effect on your inquiry. Thompson Brief, *supra* note 1, at 1–2; City Brief, *supra* note 4, at 1–2. "Dry area" refers only to an area where the *sale* of alcoholic beverages is prohibited. *See* TEX. ALCO. BEV. CODE ANN. § 251.71(a) (Vernon 2007) ("An area is a 'dry area' as to an alcoholic beverage of a particular type and alcohol content if the sale of that beverage is unlawful in the area.").[5] Personal possession and consumption of alcoholic beverages are not prohibited in a "dry area." *See id.* § 101.31(a) (prohibiting possession only if with intent to sell). Thus, so long as an individual complies with certain other provisions of Texas law, such as those relating to the legal drinking age and public intoxication, that person may possess and consume alcoholic beverages regardless of a jurisdiction's wet or dry status.

You also suggest that a business such as the pool hall in question might properly be considered a "private club," or simply a "club," so as to be subject to TABC regulation under section 32.14 of the Code. *See* Thompson Brief, *supra* note 1, at 4; *see also* City Brief, *supra* note 4, at 3–4. We understand you to argue that the pool hall is subject to regulation as such because it is otherwise unregulated by the Code. *See* Thompson Brief, *supra* note 1, at 4–8. Chapter 32 of the Code

---

[2]Section 11.01 of the Alcoholic Beverage Code, which requires a permit for various activities relating to alcoholic beverages, has been declared unconstitutional to the extent that it restricts the right of Texas residents, who were not otherwise statutorily prohibited from possessing alcoholic beverages, to order out-of-state wines to be shipped directly to their homes for their personal consumption. *See Dickerson v. Bailey*, 336 F.3d 388, 409 (5th Cir. 2003).

[3]A brief from the TABC asserts that "there is no violation of alcoholic beverage laws presented by a commercial establishment that allows patrons to possess and consume their own alcoholic beverages." Brief from Lou Bright, General Counsel, Texas Alcoholic Beverage Commission, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 2 (Apr. 4, 2007) (on file with the Opinion Committee) [hereinafter TABC Brief].

[4]Brief from Terry Jacobson, Jacobson, Beard & Edmondson, P.C., on behalf of the City, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General (Mar. 21, 2007) (on file with the Opinion Committee) [hereinafter City Brief].

[5]By contrast, an "area is a 'wet area' as to an alcoholic beverage of a particular type and alcoholic content if the sale of that beverage is lawful in the area." TEX. ALCO. BEV. CODE ANN. § 251.71(a) (Vernon 2007).

authorizes a private club to serve alcohol to members and guests for on-premises consumption only when the club holds a private club registration permit. *See* TEX. ALCO. BEV. CODE ANN. § 32.01 (Vernon 2007). In order to obtain a permit, a club must satisfy a variety of membership, operational, governance, and management requirements. *See id.* § 32.03. Unless the club holds a private club registration permit, section 32.14 prohibits a person from, *inter alia*, possessing, or carrying onto the premises an alcoholic beverage in any establishment "purporting to be a club," or "holding itself out to the public or any person as a club or private club." *Id.* § 32.14(a).

Your focus on whether the pool hall falls within the definition of "private club" or "club" is misplaced. A violation under section 32.14 occurs only if the pool hall is purporting to be a club or is holding itself out to be a club or private club. Nothing in the facts you have presented indicate that the pool hall holds itself out to the public as a club or private club.[6] Absent facts to the contrary, we conclude that the referenced pool hall may not be regulated by the TABC under chapter 32 of the Code as a "club" or "private club."

You also ask whether the City may regulate a BYOB pool hall by municipal ordinance. *See* Request Letter, *supra* note 1, at 2. You specifically argue that the City may regulate the pool hall pursuant to its special use permit ordinance. *See* Thompson Brief, *supra* note 1, at 8–9. Attorney general opinions do not construe particular city ordinances. *See* Tex. Att'y Gen. Op. No. GA-0217 (2004) at 4. The general rule regarding alcoholic beverages is, however, that the Code "shall exclusively govern the regulation of alcoholic beverages in this state." TEX. ALCO. BEV. CODE ANN. § 109.57(b) (Vernon 2007). Moreover, "[u]nless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed exclusively by the provisions" of the Code. *Id.* § 1.06. The Code itself authorizes a municipality, in certain instances, to regulate the *sale* of alcoholic beverages, but provides no other authority in this area to a municipality. *See, e.g., id.* § 109.31 (authorizing home-rule cities to prohibit the sale of liquor in residential areas), § 109.32 (authorizing cities to impose more restrictive hours on the sale of beer), § 109.33 (authorizing cities to prohibit the sale of alcoholic beverages within certain distances of schools, churches, and hospitals), § 109.331 (authorizing cities to prohibit the sale of alcoholic beverages within certain distances of day care and child care centers). Municipal regulation not expressly authorized by the Code is therefore preempted. *See id.* §§ 1.06, 109.57. Because the Code does not expressly authorize a municipality to regulate the possession of alcoholic beverages on the premises of a BYOB pool hall, the City may not adopt an ordinance attempting to do so.

In one instance, however, the Code might be construed to authorize the City to regulate the possession and consumption of alcoholic beverages in the vicinity of the referenced pool hall. Section 109.35 of the Code is entitled "Orders for Prohibition on Consumption" and provides as follows:

---

[6]The TABC brief likewise points out that "[w]e do not know whether the establishment of which the requestor complains will be one 'purporting to be a club or holding itself out to the public or any person as a club." TABC Brief, *supra* note 3, at 2.

> If the governing body of a municipality determines that the possession of an open container or the public consumption of alcoholic beverages in the central business district of the municipality is a risk to the health and safety of the citizens of the municipality, the governing body may petition for the adoption of an order by the [TABC] that prohibits the possession of an open container or the public consumption of alcoholic beverages in that central business district.

*Id.* § 109.35(a). "Central business district" is defined as "a compact and contiguous geographical area of a municipality in which at least 90 percent of the land is used or zoned for commercial purposes and that is the area that has historically been the primary location in the municipality where business has been transacted." *Id.* § 109.35(d). The statute sets out the procedural requirements for the submission of such a petition. *See id.* § 109.35(b). Significantly, however, any order issued by the TABC under section 109.35 "may not prohibit the possession of an open container or the consumption of alcoholic beverages in motor vehicles, buildings not owned or controlled by the municipality, residential structures, or licensed premises located in the area of prohibition." *Id.* § 109.35(c). Thus, while the City may not regulate the possession and consumption of alcoholic beverages on the premises of the pool hall itself, it may presumably seek to regulate possession and consumption within the immediate vicinity of the pool hall.

We conclude that, under the Code, a pool hall may operate on a BYOB basis without a permit or license from the TABC. Moreover, the City may not by municipal ordinance regulate the possession or consumption of alcoholic beverages within a pool hall that operates on a BYOB basis.

## S U M M A R Y

Under the terms of the Texas Alcoholic Beverage Code, a pool hall may operate on a BYOB ("bring your own bottle") basis without a permit or license from the Texas Alcoholic Beverage Commission. Moreover, the City of Corsicana may not by municipal ordinance regulate the possession or consumption of alcoholic beverages within a pool hall that operates on a BYOB basis.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee